**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT L. SMITH | : | |
| | : | |
| Appellant | : | No. 302 MDA 2023 |

Appeal from the PCRA Order Entered January 23, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001278-2019

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: MARCH 22, 2024**

Appellant, Robert L. Smith, appeals from the order entered in the Berks County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 30, 2021, a jury convicted Appellant of the following charges: three counts each of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, endangering the welfare of children, and corruption of minors; two counts of rape; and one count each of statutory sexual assault and intimidation, retaliation, or obstruction in child abuse cases.  Jacob

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Gurwitz, Esquire, represented Appellant at his jury trial. On June 21, 2021, the trial court sentenced Appellant to an aggregate term of 71 years and 9 months to 194 years' incarceration, followed by 36 years of probation. Appellant did not file a post-sentence motion or a direct appeal.

On May 31, 2022, Appellant timely filed a counseled PCRA petition. In his petition, Appellant claimed that Andrew Laird, Esquire (along with another attorney in his law firm), who did not represent Appellant at trial, were ineffective in failing to file post-sentence motions and/or a direct appeal on Appellant's behalf, after Appellant allegedly retained that firm following trial to do so. The PCRA court held a hearing on the petition on September 13, 2022. The PCRA court summarized the relevant testimony from the hearing as follows:

> Andrew Laird, Esquire, … was contacted by [Denise Bergman, Appellant's girlfriend,] about [Appellant]'s case sometime prior to April of 2021. … His firm was not hired for [Appellant]'s trial.
>
> After [Appellant]'s trial, Ms. Bergman contacted Attorney Laird complaining that [Appellant] received poor representation at trial and that she believed Attorney Gurwitz was ineffective. She did not raise any trial court errors.[2]

---

[2] Ms. Bergman testified that when she spoke to Attorney Laird, she expressed her shock that Appellant had been convicted and discussed her concerns about various aspects of how Appellant's case was handled by Attorney Gurwitz. Ms. Bergman stated that she did not recall telling Attorney Laird about any errors committed by the court during this conversation. Attorney Laird testified that his understanding of this conversation was that Ms. Bergman believed Attorney Gurwitz provided ineffective assistance of counsel and she was
*(Footnote Continued Next Page)*

On April 2, 2021, Ms. Bergman emailed Attorney Laird asking how much it would cost to file an appeal in [Appellant]'s case. On April 7, 2021, Attorney Laird responded by email with a discussion of the various complexities involved with PCRA petitions and provided an estimate of $15,000.00 to $20,000.00 for representation.

On April 8, 2021, Ms. Bergman emailed Attorney Laird and said that [Appellant] would be utilizing [a] public defender in his case due to the costs. She thanked Attorney Laird for his email about filing a PCRA petition. In response, on the same day, Attorney Laird said he highly recommended the public defender and said that she could call him if things didn't go well.

On June 24, 2021, Ms. Bergman emailed Attorney Laird stating that she had just talked to [Appellant] and that he told her a PCRA needs to be filed within 10 days and that there are 30 days to file to the appellate court. She said. "I just want to make sure you are taking care of this (which I'm sure you are)." Attorney Laird forwarded Ms. Bergman's email to James Gallagher, Esquire, [another attorney at his firm], and asked him to check in with Ms. Bergman and make this a priority. Attorney Gallagher responded to Attorney Laird via email stating that Ms. Bergman was incorrect on the PCRA deadlines and that it will take time to obtain transcripts to determine if there is a basis to file a PCRA petition. Attorney Laird emailed Attorney Gallagher asking him to send a memo to Ms. Bergman advising her of the relevant timelines. These email exchanges all took place on June 24, 2021.

Later in the day on June 24, 2021, Attorney Gallagher emailed Ms. Bergman. [He began by explaining that a PCRA petition is not the same as a request for reconsideration or an appeal from the verdict in the case.] He [further] explained that a request for a judge to reconsider a verdict or sentence must be filed within 10 days from the verdict or sentencing order. He said that an appeal to the Superior

_____

inquiring about retaining him for the purpose of filing a PCRA petition on Appellant's behalf.

Court has to be filed within 30 days and was limited to challenging legal and procedural defects that occurred leading up to the verdict and sentencing. He also set forth the applicable deadlines for filing a PCRA [petition]. Attorney Gallagher confirmed his understanding that Ms. Bergman's claims were based on Attorney Gurwitz's alleged ineffectiveness and explained that he would need to review the transcript of the proceedings before filing a PCRA [petition].

Attorney Laird's firm was hired by Ms. Bergman to represent [Appellant] in a PCRA matter sometime after June 24, 2021. Transcripts were requested on June 30, 2021.

On August 10, 2021, Ms. Bergman responded to Attorney Gallagher's email asking if there was any new information on [Appellant]'s case. She also complained that [three individuals, who were identified by Attorney Gurwitz as potential witnesses, were present at Appellant's trial and prohibited from entering the courtroom, but Attorney Gurwitz did not call them to testify.] She further complained that the jurors were escorted through the hallway in front of [other witnesses] before entering the courtroom, which she believed was improper.

[After Attorney Gallagher discovered that he had a conflict of interest, Appellant]'s case was referred to another attorney sometime in October of 2021.

(PCRA Findings of Fact and Conclusion of Law, filed 1/23/23, at 5-7) (numbered list omitted).

The PCRA court denied relief on January 23, 2023. Appellant filed a timely notice of appeal on February 22, 2023. On March 3, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and Appellant complied on March 21, 2023.

Appellant raises the following issues for our review:

1. Did the PCRA court err in denying Appellant's ineffective

- 4 -

assistance of counsel claim for appellate counsel's failure to file post-[sentence] motions?

2. Did the PCRA court err in denying Appellant's ineffective assistance of counsel claim for appellate counsel's failure to file a direct appeal?

(Appellant's Brief at 4).

In his issues combined, Appellant asserts that Ms. Bergman hired Attorney Laird and Attorney Gallagher to serve as Appellant's appellate counsel. Appellant argues that Ms. Bergman's mention of a 10-day and 30-day deadline in her email should have indicated to the attorneys that Appellant wished to file a post-sentence motion and a direct appeal. Appellant asserts that after receiving Ms. Bergman's email, the attorneys had a duty to contact Appellant and discuss possible appellate issues. Appellant claims that Attorneys Laird and Gallagher were *per se* ineffective for failing to file a requested post-sentence motion and direct appeal. Alternatively, Appellant contends that the attorneys were ineffective for failing to consult directly with Appellant to clear up any confusion about Appellant's appellate options after Appellant demonstrated that he was interested in filing a direct appeal via Ms. Bergman. Appellant concludes that the PCRA court erred in denying relief, and this Court should reverse the PCRA court's order and reinstate Appellant's direct appeal rights *nunc pro tunc*. We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*,

207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Howard*, 249 A.3d 1229 (Pa.Super. 2021). "[W]e review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

An attorney's failure to file a post-sentence motion, even if requested to

do so, is not *per se* ineffectiveness. ***Commonwealth v. Reaves***, 592 Pa. 134, 923 A.2d 1119 (2007) (concluding that PCRA petitioner was required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence). Thus, a petitioner bears the burden of pleading and proving that counsel's failure to file a post-sentence motion prejudiced him. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009).

On the other hand, with respect to a claim that counsel failed to file a requested direct appeal:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request."

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa.Super. 2020) (internal citations omitted). In other words, if counsel neglects to file a **requested** direct appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." ***Commonwealth v. Markowitz***, 32 A.3d 706, 715 (Pa.Super. 2011), *appeal denied*, 615 Pa. 764, 40 A.3d 1235 (2012).

Even if a defendant does not expressly ask counsel to file a direct appeal,

counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal." **Commonwealth v. Bath**, 907 A.2d 619, 623 (Pa.Super. 2006), *appeal denied*, 591 Pa. 695, 918 A.2d 741 (2007). In this situation, where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the traditional three-prong test "is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights." **Markowitz, supra** at 716.

> Pursuant to [**Roe v. Flores-Ortega**, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, **Commonwealth v. Touw**, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [**Id.**] at 1254 (quoting **Roe**[, **supra**] at 480, 120 S.Ct. [at 1036]).

**Bath, supra** at 623. "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." **Markowitz, supra** at 716. Further, prejudice in this context means a defendant must show a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. **Touw, supra** at 1254.

Instantly, the PCRA court found that neither Appellant nor Ms. Bergman acting on Appellant's behalf, communicated to Attorney Laird or Attorney

Gallagher that Appellant wanted to file a post-sentence motion or a direct appeal. The record supports the court's findings. *See Howard, supra*; *Beatty, supra*. Specifically, our review of the record confirms that Ms. Bergman, serving as Appellant's means of communication, contacted Attorney Laird after Appellant was convicted and raised concerns about trial counsel's poor representation of Appellant at trial. From this initial conversation, Attorney Laird's understanding was that Appellant wished to file a PCRA petition alleging various instances of trial counsel's ineffectiveness.

Thereafter, when Ms. Bergman inquired about costs, Attorney Laird responded by explaining the intricacies of a PCRA petition and only quoted her an estimate to file a PCRA petition. At no time did Ms. Bergman inform Attorney Laird or Attorney Gallagher that she wanted them to file a post-sentence motion or appeal on Appellant's behalf. Notably, Ms. Bergman's primary concerns were about trial counsel's alleged failures or deficiencies. Additionally, Ms. Bergman did not correct the attorneys when they repeatedly communicated their understanding that Appellant wanted to hire them for the purpose of pursuing a PCRA petition. Thus, Attorneys Laird and Gallagher were not ineffective for failing to file a requested post-sentence motion or direct appeal. *See Mojica, supra*. *See also Reaves, supra*.

The PCRA court further determined that Appellant failed to establish that the attorneys were ineffective for failing to consult with Appellant regarding a direct appeal. From their initial involvement with Appellant's case, Attorneys

Laird and Gallagher were operating under the belief that Appellant was retaining them to file a PCRA petition. The court found that Appellant did not establish that he reasonably demonstrated an interest in a direct appeal such that they had a duty to consult with him. The court explained:

> Ms. Bergman referenced the filing of a PCRA petition and the 30-day filing deadline to go to the appellate court in her email on June 24, 2021. She wanted to confirm that it was being taken care of. In response, Attorney Gallagher emailed Ms. Bergman explaining the various deadlines and the purpose behind filing a request for reconsideration, an appeal to the Superior Court and a PCRA appeal. He then set forth his understanding that [Appellant] wanted to raise Attorney Gurwitz's ineffectiveness in a PCRA petition. When Ms. Bergman responded on August 10, 2021, she told Attorney Gallagher that Attorney Gurwitz failed to call certain witnesses [at trial, which again supported an] ineffectiveness claim. She didn't correct Attorney Gallagher's understanding of the purpose of their representation, to file a PCRA petition or request that an appeal be filed. Therefore, … neither [Appellant] nor [Ms.] Bergman reasonably demonstrated that they were interested in appealing.

(PCRA Findings of Fact and Conclusion of Law at 29). The record supports the court's analysis. *See Howard, supra*; *Beatty, supra*. Appellant also failed to identify any non-frivolous grounds for a direct appeal or otherwise demonstrate that the circumstances of his case were such that the attorneys should have known that a rational defendant would have wanted to file a direct appeal.[3] *See Bath, supra*. Therefore, we agree with the PCRA court that

_____

[3] In his brief, Appellant vaguely notes that "trial counsel, at a minimum, preserved [Appellant]'s weight and sufficiency arguments by moving for a
*(Footnote Continued Next Page)*

- 10 -

Appellant failed to establish ineffective assistance of counsel on the grounds alleged.[4]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024

_____

judgment of acquittal at the conclusion of the Commonwealth's case-in-chief." (Appellant's Brief at 17).  Nevertheless, Appellant does not elaborate on these potential claims with any specificity or demonstrate in any manner that a weight or sufficiency claim would not have been frivolous.  **See Bath, supra**. Likewise, we note that although Ms. Bergman mentioned in an e-mail to the attorneys a claim that the jury had entered the courtroom improperly, Appellant does not mention this claim on appeal as a potential non-frivolous issue that would have obligated the attorneys to consult with him about an appeal.

[4] To the extent Appellant claims that Attorneys Laird and Gallagher were ineffective because they failed to have reasonable procedures in place to discover conflicts of interest in a timely manner, we note that Appellant did not raise this claim in his PCRA petition or his 1925(b) concise statement.  As such, Appellant has waived this argument.  **See Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (stating: "[A]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived"); Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal").